UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD DYLAN JONES,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>RICK HILL,<br><br>　　　　　Respondent. | No.  2:20-cv-1507 AC P<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has also filed a motion for appointment of counsel.  ECF No. 2.  Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis, ECF No. 2, will be granted.  See 28 U.S.C. § 1915(a).

　　I.　　Petition

　　　　Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writs of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  The Advisory Committee Notes to Rule 4 provide that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by

ordering an unnecessary answer." Rule 4, Advisory Committee Notes (1976 Adoption) (citation omitted).

In the instant case, petitioner challenges his July 12, 2018 conviction on 37 criminal counts, including various charges for firearm and ammunition possession and violation of a restraining order. ECF No. 1 at 1. Petitioner appealed his conviction to the California Court of Appeal Third Appellate District, case number C087689. Id. at 2. This appeal remains pending. Id. Accordingly, the convictions have not been appealed to the California Supreme Court— though petitioner states that he sent a copy of his completed brief to the California Supreme Court requesting a ruling. Id.

### A. Petitioner Has Not Exhausted His State Court Remedies

Before filing a federal petition for writ of habeas corpus under 28 U.S.C. § 2245, a state inmate must exhaust his state court remedies. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509 (1982). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). The exhaustion "requirement serves to minimize friction between federal and state courts by allowing the state an initial opportunity to pass upon and correct alleged violations of a petitioner's federal rights, and to foster increased state court familiarity with federal law." Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). The exhaustion requirement is thus a matter of federal-state comity rather than jurisdiction. See Granberry v. Greer, 481 U.S. 129 (1987).

At least some of the claims that petitioner seeks to pursue in this court remain pending, at least in part, before the California Court of Appeal. See, e.g., ECF No. 1 at 5-10 (noting aspects of Claims One through Four that are presented in petitioner's pending appeal).[1] These claims are necessarily unexhausted, because they have not yet reached the California Supreme Court. Even if the petition contains other claims that have already been presented to the California Supreme

---

[1] The petition also sets forth Claims 5 through 10 at pp. 24-32. The exhaustion status of these claims is unclear.

2

Court in any of the several habeas petitions that petitioner references, however, the pendency of the appeal requires dismissal without prejudice of the petition as a whole. The Ninth Circuit has held that the exhaustion requirement is not satisfied if there is a pending proceeding in a state court, even if the issue the petitioner seeks to raise in federal court has been finally determined by the highest available state court. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). As the Sherwood court explained:

> When, as in the present case, an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts.
>
> As we explained in Davidson v. Klinger, 411 F.2d 746, 747 (9th Cir. 1969), even if the federal constitutional question raised by the habeas corpus petitioner cannot be resolved in a pending state appeal, that appeal may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. See e.g., Carden v. Montana, 626 F.2d 82 (9th Cir.), cert. denied, 449 U.S. 1014 (1980) (district court's grant before state trial of petition for habeas corpus on speedy trial claim was premature since comity requires exhaustion of state proceedings before collateral relief can be sought); Bryant v. Bailey, 464 F.2d 560 (5th Cir. 1972), cert. denied, 409 U.S. 1115 (1973) (state remedies held not exhausted where prisoner had unsuccessfully petitioned state courts for free transcript for appeal, and appeal still pending); Daniels v. Nelson, 415 F.2d 323 (9th Cir.), cert. denied, 396 U.S. 994 (1969) (no exhaustion where state appeal pending). Thus, [petitioner's] claim is premature, and must be dismissed for failure to exhaust state remedies.

Id.

In sum, "a petitioner must await the outcome of the state proceedings before commencing his federal habeas corpus action." Edelbacher v. Calderon, 160 F.3d 582, 583 (9th Cir. 1998). Because the petition here is premature, considerations of comity and exhaustion compel its dismissal without prejudice.

B. *Younger* Abstention Prohibits Federal Court Involvement During the Pendency of Petitioner's Appeal

Under Younger v. Harris, 401 U.S. 37 (1971), federal courts may not interfere with a pending state criminal case. Proceedings are deemed on-going for purposes of Younger abstention until state appellate review is completed. Gilbertson v. Albright, 381 F.3d 965, 969

3

n.4 (9th Cir. 2004). "Younger abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose, 546 F.3d 1087, 1091 (9th Cir. 2008) (citations and footnote omitted).

> Younger abstention is required when the following requirements are met:
>
> > (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves.

Id. at 1092 (citations omitted). This principle applies equally to appellate and trial proceedings. Huffman v. Pursue, Ltd., 420 U.S. 592, 608-09 (1975).

At the time petitioner filed the instant motion, direct review was still pending before the California Court of Appeal. See ECF No. 1 at 2. "'Final judgment in a criminal case means sentence. The sentence is the judgment,'" Burton v. Stewart, 549 U.S. 147, 156 (2007) (quoting Berman v. United States, 302 U.S. 211, 212 (1937)), and in the habeas context, "judgment [becomes] final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). Accordingly, state proceedings are still ongoing and petitioner's judgment is not yet final, satisfying the first requirement for Younger abstention.

The second requirement for Younger abstention is also met because "state criminal proceedings implicate important state interests." Lazarus v. Baca, 389 F. App'x 700, 701 (9th Cir. 2010) (citing Kelly v. Robinson, 479 U.S. 36, 49 (1986); Rose v. Mitchell, 443 U.S. 545, 585 (1979); Younger, 401 U.S. at 43-44). Finally, there is no indication that petitioner has been barred from pursuing his constitutional claims in state court and allowing him to proceed in federal court before the conclusion of his state court proceedings would constitute the kind of interference of which Younger disapproves. Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has

////

4

been appealed from and the case concluded in the state courts. Apparent finality of one issue is not enough.").

For these reasons, <u>Younger</u> abstention is required, and it will be recommended that the petition be dismissed without prejudice.

## II. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

## III. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The clerk of the Court shall randomly assign a district judge to this action.

Further, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice.

2. Petitioner's motion to appoint counsel be denied as moot (ECF No. 2).

3. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, petitioner may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

////

////

////

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: July 30, 2020

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE